**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers**<br>**620 F Street, N.W.**<br>**Washington, D.C. 20004,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**MRC TILE & MARBLE LLC**<br>**2031 Magnolia Garden Drive**<br>**O'Fallon, Missouri 63368,**<br><br>  and<br><br>**ACA DEVELOPMENT, LLC**<br>**d/b/a THE GROUT MEDIC OF ST LOUIS**<br>**1 1st Missouri Center, Suite 214**<br>**Creve Coeur, Missouri 63141**<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**(FOR EQUITABLE RELIEF TO COMPEL PAYROLL AUDIT)**

  Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

  1.  Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("the IPF") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The IPF is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IPF was established and is maintained in accordance with its Amended and Restated Agreement and Declaration of

Trust. The IPF is administered at 620 F Street, N.W., in Washington, D.C. The members of the Board of Trustees of the IPF are fiduciaries as provided in the IPF's Amended and Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the IPF.

2. As stated in the "Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers" the IPF is authorized to effect collections on behalf of the Bricklayers and Allied Craftworkers International Health Fund ("IHF").

3. The IPF is also authorized to file suit on behalf of the following affiliated International Union of Bricklayers and Allied Craftworkers, Tile and Marble Setters and Finishers Local Union #18 of Eastern Missouri Administrative District Council funds pursuant to an assignment of claims: the Tile Finishers Local Union No. 18, St. Louis, Missouri Pension Plan ("Tile Finishers Pension Fund"), the Ceramic Tile and Marble Masons' Union No. 18 of Missouri Employees Pension Plan and Trust ("Ceramic Tile Pension Fund"), the Tile Layers Joint Apprenticeship and Training Fund ("Training Fund"), and the Industry Advancement Fund ("IAF" and, together with the IPF, IHF, Tile Finishers Pension Fund, Ceramic Tile Pension Fund, and Training Fund as "Funds").

4. Defendant, MRC Tile & Marble LLC is a Missouri limited liability company with a registered office address of 2031 Magnolia Garden Drive, in O'Fallon, Missouri, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

5. Defendant, ACA Development, LLC d/b/a The Grout Medic of St Louis is a Missouri limited liability company with a registered office address of 1 1st Missouri Center, Suite 214 in Creve Coeur, Missouri, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

6. This is an action by employee benefit plans for appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2) and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

8. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## FACTS

9. Defendant MRC Tile & Marble LLC filed Articles of Organization with the Missouri Corporations Division on November 13, 2017. A copy of that filing is attached as Exhibit A. Pursuant to the Articles of Organization:

   (a) MRC Tile & Marble LLC was organized as a "[c]onstruction company specializing in [t]ile and [m]arble";

   (b) MRC Tile & Marble LLC maintains a registered office address of 2031 Magnolia Garden Drive, in O'Fallon, Missouri;

   (c) MRC Tile & Marble's registered agent is John Matthew Lupo, at 2031 Magnolia Garden Drive, in O'Fallon Missouri; and

   (d) the filed Articles of Organization document was to be returned to John Matthew Lupo.

10. Defendant MRC Tile & Marble LLC executed a collective bargaining agreement with the International Union of Bricklayers and Allied Craftworkers, Tile and Marble Setters and Finishers Local Union #18 of Eastern Missouri Administrative District Council ("Union") on June 26, 2019 ("Collective Bargaining Agreement"), that governs the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendants. Defendant MRC Tile & Marble LLC has been bound and signatory to Collective Bargaining Agreement at all relevant times herein.

11. Defendant MRC Tile & Marble LLC filed a Registration of Fictitious Name with the Missouri Corporations Division on March 26, 2019, to register the fictitious business name "The Grout Medic St. Louis." A copy of that filing is attached as Exhibit B. Pursuant to the Registration of Fictitious Name:

(a) The Grout Medic St. Louis maintained a registered office address of 2031 Magnolia Garden Drive, in O'Fallon Missouri;

(b) The Grout Medic St. Louis was owned solely by MRC Tile & Marble LLC, located at 2031 Magnolia Garden Drive in O'Fallon, Missouri, which in turn is owned by John M. Lupo; and

(c) the filed Registration of Fictitious Name document was to be returned to John Matthew Lupo.

12. Defendant ACA Development, LLC filed Articles of Organization with the Missouri Corporations Division on December 24, 2019. A copy of that filing is attached as Exhibit C. Pursuant to the Articles of Organization:

(a) ACA Development, LLC was organized to "[c]omplete construction services for customers";

 (b) ACA Development, LLC maintains a registered office address of 1 1st Missouri Center, Suite 214, in Creve Coeur, Missouri; and

 (c) ACA Development, LLC's registered agent is K&R Registered Agent Services Inc., at 1 1st Missouri Center, Suite 214, in Creve Coeur, Missouri;

 (d) ACA Development, LLC's sole organizer is Carol Ann Lupo, at 3209 Denton Lane in St. Charles, Missouri; and

 (e) the filed Articles of Organization document was to be returned to Carol Ann Lupo, but at the email address "mlupo@thegroutmedic.com."

13. John M. Lupo filed a Cancellation of Registration of Fictitious Name with the Missouri Corporations Division on December 30, 2019. A copy of that filing is attached as Exhibit D. The Cancellation of Registration of Fictitious Name cancelled the fictitious business name "The Grout Medic St. Louis" and was to be returned to John M. Lupo at 2031 Magnolia Garden Drive in O'Fallon, Missouri.

14. ACA Development, LLC filed a Registration of Fictitious Name with the Missouri Corporations Division on December 30, 2019, to register the fictitious business name "The Grout Medic St Louis." A copy of that filing is attached as Exhibit E. Pursuant to the Registration of Fictitious Name:

 (a) The Grout Medic St Louis maintains a registered office address of 3209 Denton Lane, in St. Charles, Missouri;

 (b) The Grout Medic St Louis business name is owned solely by ACA Development, LLC, located at 1 1st Missouri Center, Suite 214 in Creve Coeur, Missouri, which in turn is owned by Carol Ann Lupo; and

(c) the filed Registration of Fictitious Name was to be returned to Carol Ann Lupo, but at the email address "mlupo@thegroutmedic.com."

15. John Matthew Lupo is known to Plaintiff to go by "Matt Lupo" and has exchanged emails and correspondence with the Union using and/or listing the email address "mlupo@thegroutmedic.com."

16. At all times material herein, MRC Tile & Marble LLC and ACA Development, LLC d/b/a The Grout Medic of St Louis have been affiliated business enterprises with, among other characteristics, substantially:

(a) common and related owners, including John Matthew Lupo and Carol Ann Lupo;

(b) common management, including the same managers, John Matthew Lupo and Carol Ann Lupo; and

(c) common business purpose in the tile and marble installation, maintenance, and construction industry in the same geographic area.

17. By virtue of these and other facts, Defendants MRC Tile & Marble LLC and ACA Development, LLC d/b/a The Grout Medic of St Louis constitute a single integrated business enterprise, single employer, and/or alter ego of one another.

18. The creation and use of ACA Development, LLC d/b/a The Grout Medic St Louis was a transparent attempt by MRC Tile & Marble LLC to circumvent its contractual obligations under the Collective Bargaining Agreement, and resulted in an expected or reasonably foreseeable benefit to MRC Tile & Marble LLC related to its labor and contractual obligations.

19. By virtue of the actions, affiliations, and relationships described above, Defendants MRC Tile & Marble LLC and ACA Development, LLC d/b/a The Grout Medic of St Louis are bound

by the Collective Bargaining Agreement at all relevant times and are jointly and severally liable to the Funds for all amounts due and owing pursuant to the Collective Bargaining Agreement.

20. Pursuant to the Collective Bargaining Agreement Defendants agreed to pay certain sums of money to the Funds for certain hours worked by employees of Defendants performing work covered by the Collective Bargaining Agreement.

21. During the period of June 2019 to the present, Defendants have employed employees performing work covered by the Collective Bargaining Agreement.

22. Pursuant to the Funds' respective Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and/or Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), the Plaintiff is entitled to obtain and conduct an audit of Defendants' payroll and related records on behalf of the Funds and Defendants are obligated to submit to a payroll compliance review conducted by Plaintiff.

23. Pursuant to the Funds' respective Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the Joint Collection Policy and Procedure, and/or Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest from the due date of each monthly payment.

24. Pursuant to the Funds' respective Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an

additional calculation of interest on the unpaid contributions, or liquidated damages in the amount of 20% of the total contributions owed.

25. Pursuant to the Funds' respective Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the Joint Collection Policy and Procedure, and/or Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs for collection.

## COUNT I

### (PAYROLL AUDIT)

26. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 25 as if fully set forth in this Count I.

27. Pursuant to the Funds' respective Agreements and Declarations of Trust, and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and/or Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), Plaintiff is permitted to conduct an audit of Defendants' pertinent employment and payroll records on behalf of the Funds.

28. A payroll compliance review of Defendants' records is necessary to determine whether Defendants have accurately reported all hours of covered work performed, accurately reported employee classifications, reported correct contribution rates, and to determine the exact amount owed by Defendants to the Funds under the terms of the Collective Bargaining Agreement.

29. Defendants have refused requests to cooperate with reporting and payment obligations required by the Collective Bargaining Agreement, and were advised that continued failure to adhere

to the terms of the Collective Bargaining Agreement would result in a payroll audit conducted on behalf of the Funds. To date, Defendants have refused to cooperate.

30. Plaintiff therefore seeks to conduct a payroll compliance review of the records of Defendants for all work months during the period of June 2019 through the date the audit is completed.

## **COUNT II**

### **(UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUNDS)**

31. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 30 as if fully set forth in this Count II.

32. Because Defendants have failed to comply with their duty to submit to a payroll audit, the Funds cannot determine whether additional contributions are due by Defendants for covered work performed from June 2019 through the date the audit can be completed.

33. Plaintiff will be entitled to judgment against Defendants for all contributions owed as determined by the audit, plus interest owed on unpaid contributions at the rate of 15% for the IPF and the IHF, and at the rate of 1.5% per month for the Tile Finishers Pension Fund, Ceramic Tile Pension Fund, and Training Fund, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum for the IPF and the IHF and at the rate of 1.5% per month for the Tile Finishers Pension Fund, Ceramic Tile Pension Fund, and Training Fund, or liquidated damages in the amount of 20% of the total contributions owed, audit costs, and attorneys' fees and costs.

34. Plaintiff will also seek a judgment in this action against Defendants for all contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs which become

due, are determined due pursuant to the audit, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT III

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO IAF)

35. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 34 as if fully set forth in this Count III.

36. Because Defendants have failed to comply with the duty to submit to a payroll audit, the IAF cannot determine whether additional contributions are due to the IAF by Defendants for covered work performed from June 2019 through the date the audit can be completed.

37. Plaintiff will be entitled to judgment against Defendants for all contributions owed as determined by the audit, plus interest owed on unpaid contributions at the rate of 1.5% per month, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 1.5% per month, or liquidated damages in the amount of 20% of the total contributions owed, audit costs, and attorneys' fees and costs.

38. Plaintiff will also seek a judgment in this action against Defendants for all contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs which become due, are determined due pursuant to the audit, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** Plaintiff prays judgment on Counts I, II, and III as follows:

A. For a Court Order requiring Defendants to submit all payroll books and records to Plaintiff, or its designee, for an audit covering the period of June 2019 through the date the audit is completed.

B.     For unpaid contributions due and owing to the Funds for work performed as determined by the audit.

C.     For interest from the due date of each unpaid monthly contribution payment owed as determined by the audit through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment owed as determined by the audit from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed as determined by the audit, as provided for in the Funds' respective Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the Joint Collection Policy and Procedure, and/or pursuant to 29 U.S.C. § 1132(g)(2).

D.     Costs, reasonable attorneys' fees for collection and audit costs as required by the Collective Bargaining Agreement, Funds' respective Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the Joint Collection Policy and Procedure, and/or 29 U.S.C. § 1132(g)(2), up to the date of judgment.

E.     For such contributions, interest, liquidated damages, audit costs and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Funds subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

F.     Such further relief as the Court deems appropriate.

|  |  | Respectfully submitted, |
|---|---|---|
| Dated: <u>March 12, 2020</u> | By: | <u>/s/ Charles W. Gilligan</u> |

Charles W. Gilligan (Bar No. 394710)
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200

*Attorney for the Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 12th day of March, 2020 on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for
>            Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan